MAX HALPERN, PLAINTIFF-APPELLANT, v. BERNARD MENDEL ET AL., DEFENDANTS-RESPONDENTS.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellant, *John L. Ridley.*

For the respondents, *Isidor Kalisch.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of nonsuit in the Supreme Court, Essex Circuit, in an

action for alienation of the affections of the plaintiff-appellant's wife. The defendants-respondents are the father and mother of appellant's wife.

The basis or reason for the nonsuit appears to have been that the proofs were held by the trial judge not to have established that the affection existing between the husband and wife had been alienated, but that the husband left the home of respondents where he had resided with his wife; that he did not ask her to go with him; that he never since had talked to her, attempted to provide her with a home or support her.

The proofs in the case are replete with acts, words, directions and conduct of the respondents, which, if true, would justify a finding against them.

The right of recovery in these actions does not depend solely upon loss of affections.

As was held in *Dey* v. *Dey*, 94 *N. J. L.* 342, and approved by this court in *Davenport* v. *Holden*, 95 *Id.* 197, "where a loss of consortium between husband and wife is caused by willful conduct of a third party, there is a legal injury for which damages are recoverable, irrespective of the prior existence of actual affection between the spouses."

To the same effect is *Mulock* v. *Ulizio*, 3 *N. J. Mis. R.* 631.

We conclude that there were proofs in the case making for error in withdrawing the cause from the jury.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.    15.